# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50543
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIAN NEVAREZ-BLANCO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1055

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Julian Nevarez-Blanco appeals the 64-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Nevarez-Blanco challenges the reasonableness of his sentence, claiming that it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In support of his claim, he argues that, given the nature of his offense, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence overstates its seriousness, fails to provide just punishment for it, and undermines respect for the law.  He adds that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and results in the double counting of prior criminal convictions; that his sentence is greater than necessary to provide adequate deterrence; and that his sentence fails adequately to account for his personal history and characteristics, specifically, his lack of education, his motive for returning to the United States to work, and his cooperation with authorities.

Nevarez-Blanco did not object to the substantive reasonableness of his sentence in the district court, so plain error review applies.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Although Nevarez-Blanco acknowledges this, he seeks to preserve the issue for further review.

Nevarez-Blanco's within-guidelines sentence is entitled to a presumption of reasonableness.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  As he correctly concedes, we have rejected the argument that a presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  We have also rejected the contention that illegal reentry is merely an international trespass offense that is treated too harshly under § 2L1.2, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006), and that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline, *see Duarte*, 569 F.3d at 529-31.

In sentencing Nevarez-Blanco, the district court noted his two prior federal convictions and his repeated illegal reentries.  Nevarez-Blanco's contentions regarding his mitigating factors and benign motive do not rebut

No. 14-50543

the presumption of reasonableness and fail to show that the court plainly erred. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). The judgment of the district court is AFFIRMED.